USA v. Kwame Anderson 18-2229-CR He was sentenced after a plea agreement to 84 months imprisonment plus 5 years of supervised release. At the time he was sentenced, the sentencing judge, Judge Stein, indicated that he wished to impose a 2-year term of supervised release, but that the statute under which Mr. Anderson was convicted required a 5-year minimum term of supervised release. On appeal in 2018, this court remanded the case because the parties agreed that there was no mandatory minimum term of supervised release and that there seemed to be a fair chance that Judge Stein might have sentenced Mr. Anderson to a lesser term of supervised release. So back in 2018, Mr. Anderson, his attorney, and the government were back before Judge Stein and Mr. Anderson was set to be resentenced. The district court relied on the original pre-sentence report from 2015, even though 3 entire years had passed, during which time Mr. Anderson, like all human beings, grew and evolved. And none of the parties requested an updated pre-sentence report, even though Federal Rule 32C requires that a pre-sentence investigation and report be done and submitted to the court prior to imposing sentence. The rule doesn't indicate if a new pre-sentence report needs to be made if a defendant is pre-sentenced. However, it would seem logical that that should be the case, especially after three years passing between the original sentence and the re-sentence. This is a human being that we're dealing with and sentencing is a grave and important matter for everyone. So having an updated pre-sentence report would benefit all of the parties. There are a few cases that the government cites in its brief. First, Quintieri, that case held that an updated pre-sentence report was not required during a similar time period from the original sentence to the re-sentence. In that case, Quintieri, the court said that because the defendant submitted a letter updating the court on his physical and mental changes, an updated pre-sentence report was not necessary. That did not happen in Mr. Anderson's case. In Mr. Anderson's case, there was just a simple question and answer regarding Mr. Anderson's completion of a few programs while in prison. So that was not a complete update of his physical and mental changes, and that distinguishes Quintieri from Mr. Anderson's case. There's another case, Jennings, which is not a reported case. That was actually 17 years later where this court found that an updated pre-sentence report was not necessary on the ground that the district court did not make any findings inconsistent with the original sentencing court, and Jennings could not point to anywhere in the record indicating that the district court relied on any undisclosed new information or anything outdated. We submit that Mr. Anderson's case, the re-sentencing decision on supervised release was based on outdated information because there was never any updated pre-sentence report provided to explain Mr. Anderson's current mental and physical condition. He had already shown the progress in terms of living a law-abiding life at his original sentence, and that would have been had a pre-sentence report been done, the probation department would have added some credence to Mr. Anderson's continued growth and change and willingness to lead a law-abiding life upon his re-sentence so that a no term of supervised release would not be necessary for him, that he could just move on with his life and continue in the law-abiding fashion that he had already demonstrated to the court. The pre-sentence report would have also discussed Mr. Anderson's physical and mental condition with his family, which would have lended more credence and credibility to all the factors that should be involved in re-sentencing. To not require an updated pre-sentence report really just delegitimizes the entire process and makes it look like it is not as grave a matter as it is. And if there are no further questions, I will rely on the brief at this time. I reserved one minute of rebuttal time. Thank you. Judge Kearse, any questions? Yes. Nobody made a request for a new pre-sentence report. How does this case meet the test for plain error review? I'm sorry, I'm just scrolling down in my notes. Based upon many of the factors that I already discussed, that three years of incarceration would have had a substantial impact on an individual's mental and physical state, which would have likely affected the outcome of the proceeding. Any further questions, Judge Kearse? No. Judge Hall? I have no questions. Thank you. And I have no questions. And we'll take the matter on submission and we'll proceed to the next case on the calendar. Judge Cabranes, is the government not arguing? Excuse me, the government, of course, yes. Who knew? Yes, let's hear from, I assume, Mr. Bhatia? Yes. Good afternoon, Your Honor, and may it please the Court. Assistant United States Attorney Kedar Bhatia for the United States. Both of the defendants grounds for vacating his two-year sentence of supervision are meritless and should be rejected. First, the district court did not err, let alone commit plain error, in not ordering a supplemental pre-sentence investigation report. Rule 32 requires only that the probation office conduct a pre-sentence investigation and submit a report to the court before it imposed a sentence. Here, the probation office had conducted a pre-sentence investigation, and it had submitted a report to the court before it imposed sentence. There was no violation of Rule 32. Case law, namely Quinteri and Treastman, confirmed the view that no supplemental PSR is required during a re-sentencing proceeding if the defendant is permitted the opportunity to supplement the PSR with relevant facts. Here, the defendant was given and took advantage of the opportunity to provide new mitigating facts. And on note, Ms. Smith had noted that there was no opportunity, or there was no pre-sentence filing. In this case, through counsel, the defendant did submit a letter prior to re-sentencing where his attorney argued that no supervision was necessary and noted facts about Mr. Anderson. In addition, at the sentencing hearing itself, both defense counsel and the defendant addressed the court and argued for no term of supervised release. Even if the district court did err under the plain error standard, the defendant must show that any error prejudicially affected his substantial rights and seriously affected the fairness, integrity, or public reputation of the proceeding. Through a pre-sentence filing and advocacy at sentencing, the defendant gave the court information about his progress since his initial sentencing. Critically, the defendant does not identify any facts not present before the district court that would have been present if he had gotten a supplemental PSR. On this motion, under the plain error standard, this is fatal to his argument. The defendant's first ground for relief should be rejected. Second, the court should also reject the defendant's argument that sentencing counsel is ineffective at his re-sentencing proceeding. As case law amply shows, district courts frequently conduct re-sentencing proceedings, especially in limited re-sentencing proceedings, without a supplemental PSR. The defendant articulates no facts to support the view that his attorney acted below an objective standard of reasonableness under prevailing professional norms. Rather, defense counsel argued prior to sentencing and at the hearing itself that the defendant should receive no term of supervision. Moreover, as I stated before, the defendant cannot show that he was prejudiced by his attorney's performance. Therefore, his arguments for ineffective assistance should also be rejected. And with that, the government is happy to answer any questions the court may have or rest on its submission. Thank you. Judge Kears? No questions here. Judge Hall? No questions. Thank you. Mr. Bhatti, I had just a couple of simple questions, almost clerical in nature. What is the evidence in the record that shows that Mr. Anderson was actually given an opportunity to supplement his original PSR? The fact that his sentencing, his defense counsel submitted a letter, we believe is the proof that he was given the opportunity. I don't recall whether there was an actual sentencing, a date set out for the sentencing submissions. Do we know whether there's any evidence in the court that the district court did not ask for an updated PSR? There's nothing referenced in the record, no. And your position is that this is quite routine, this happens all the time, right? We believe that the cases show that it happens with some frequency. Let me ask you about the claim of ineffective assistance of counsel. I take it you have no objection to that matter being resolved on direct appeal, as opposed to the Section 2255 motion? That's right, Your Honor. We have no objection to it being resolved on direct appeal. Okay. All right. Let me hear from Ms. Smith if she has anything to add in the nature of rebuttal or reply. Yes, thank you, Your Honor. I don't practice in the district court anymore. It's been quite some time, so I don't know whether this is routine, but if it is routine that defendants are resentenced without resentence reports, we would just submit that that practice should not continue. The defendants are human beings who evolve and change. I know I'm repeating myself, but I just wanted to emphasize that it is such a grave matter for everyone involved that an updated pre-sentence report would legitimize the whole entire factual situation that does change after time that a defendant has been incarcerated or not incarcerated pending appeal and before the re-sentence. As far as the question about 2255, we would just ask that in the event the court determined that counsel was not ineffective, that Mr. Anderson not be precluded from raising an ineffective assistance of counsel claim in a later proceeding in the 2255. Thanks very much. Judge Kearse, any questions? Yes, if the ineffective assistance counsel has now been raised and we reject it, why should we be given why should he be given another opportunity to raise it the exact same claim again in the 2255? Only based on these particular facts. There are other reasons that Mr. Anderson might want to raise. Correct. I should have clarified that. Thank you, Your Honor. Thank you. Judge Hall? Judge Kearse asked my question, so I have none. Thank you. Okay, so we will take this matter under advisement and turn to the